IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAME DAY CASH FINANCING, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| CITIBANK, N.A. and JOHN DOE, | § | |
| | § | |
| *Defendants*. | § | |

### DEFENDANT CITIBANK'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Citibank, N.A. ("Citibank") removes this action from the 189th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, and as grounds for removal, respectfully states as follows:

**I. BACKGROUND**

1. On May 30, 2025, Same Day Cash Financing, LLC ("Plaintiff") commenced this action in the 189th Judicial District Court of Harris County, Texas, filing Plaintiff's Original Verified Petition, Request for Injunctive Relief, and Application for Temporary Restrainer Order, styled *Same Day Cash Financing, LLC v. Citibank Texas, N.A., and John Doe* ("Original Petition"), Cause No. 2025-38344 ("State Court Action"). (*See* Original Petition, attached as **Exhibit A-3**).

2. On June 24, 2025, Plaintiff filed its First Amended Original Verified Petition, Request for Injunctive Relief, and Application for Temporary Restrainer Order (the "First Amended Petition,"). (*See* First Amended Petition, attached as **Exhibit A-12**).

3. On July 8, 2025, Plaintiff filed its Second Amended Verified Petition, Request for Injunctive Relief, and Application for Temporary Restrainer Order (the "Second Amended

Petition")—the operative petition in the State Court Action. (*See* Second Amended Petition, attached as **Exhibit A-19**).

4.  Plaintiff has brought suit against Citibank regarding an alleged improper electronic transfer of funds in the amount of $458,795.00 to a Citibank account. (*See* **Ex. A-19**, ¶¶ 5.01–5.10). Plaintiff brought claims against Citibank for injunctive relief. (*Id.* at ¶¶ 6.01–7.02; Prayer Paragraph). Plaintiff brought further claims for fraud, declaratory relief, money had and received, damages, and attorney's fees against an as-of-yet unidentified John Doe defendant who allegedly defrauded Plaintiff into transferring the funds to the Citibank account. (*See id.*, at ¶¶ 8.01–13.01; Prayer Paragraph). Plaintiff seeks

5.  Citibank has <u>not</u> been served with process in the State Court Action.

6.  Citibank has taken no action in the State Court Action other than the filing of a Notice of Filing Notice of Removal contemporaneously herewith.

7.  To date, Defendant Citibank is the only defendant properly joined in the State Court Action.

8.  With this Notice of Removal, Citibank hereby removes the State Court Action to this Court on the basis of diversity of citizenship as more fully described below.

## II. DIVERSITY JURISDICTION EXISTS

9.  This is a civil action over which this Court has diversity jurisdiction under 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

### A. Complete Diversity Exists

10. Plaintiff is a Texas limited liability company and is authorized to transact business in the State of Texas. (*See* **Ex. A-19**, ¶ 3.01). On information and belief, Plaintiff is a citizen of

Texas because all of its members are Texas citizens. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008).

11. Citibank is a federally chartered bank with its principal place of business in South Dakota. Citibank is deemed a citizen of its principal place of business and is thus a citizen of South Dakota for diversity purposes and is completely diverse from Plaintiff. *Id.*; 12 U.S.C. § 94.

12. Plaintiff has not properly joined or served Defendant John Doe.

13. This Court has personal jurisdiction over Defendants as the claims asserted relate to each Defendants' activities in the State of Texas.

**B. The Amount in Controversy Exceeds $75,000.00.**

14. Citibank denies Plaintiff is entitled to any relief—injunctive, monetary, or otherwise—based on the allegations in the Second Amended Petition; but for removal purposes, "[t]he jurisdictional facts that support removal" including the amount in controversy, "must be judged at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

15. The "pleadings" make a monetary demand upon which Citibank is entitled to rely, which here is an amount that exceeds $75,000.00 in that it requests an amount estimated to exceed $250,000.00 thus satisfying the requisite amount in controversy. (*See* **Ex. A-19**, ¶ 2.01); *see Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (holding that the complaint establishes the amount-in-controversy, unless it appears that "the amount stated in the complaint is not claimed in good faith.'").

16. The Original Petition alleges that due to the fraudulent conduct of Defendant John Doe, Plaintiff electronically transferred $458,795.00 to a bank account John Doe maintained at Citibank. Plaintiff's factual allegations support a finding that over $75,000.00 is in controversy and that the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied. Thus, the State Court

Action forms a basis for original subject matter jurisdiction under 28 U.S.C. § 1332 making removal appropriate pursuant to 28 U.S.C. § 1441(a).

### III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

7.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been filed within thirty days of receipt by Defendant of the Original Petition.[1] Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446.

8.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and documents from the State Court Action available to Citibank have been attached to this Notice of Removal as **Exhibit A**.

9.  Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a) because the United States District Court for the Southern District of Texas is the federal judicial district embracing the 189th Judicial District Court of Harris County, Texas.

10.  Pursuant to 28 U.S.C. § 1446(d), Citibank will promptly file a copy of this Notice of Removal in the State Court Action and give written notice of the removal of this action to Plaintiff.

### IV. RESERVATION OF RIGHTS

14.  In filing this Notice of Removal, Citibank does not waive, and specifically reserves, any and all objections as to service, objections to personal jurisdiction, defenses, rights, and motions.

### V. REMOVAL

WHEREFORE, Defendant Citibank N.A., removes this action from the 189th Judicial

---

[1] Notably, the Second Amended Petition was received via letter on or about September 10, 2025; however, Citibank has not been properly served with process in the State Court Action.

District Court of Harris County Texas, to the United States District Court for the Southern District of Texas, Houston Division so that this Court may assume jurisdiction over the case as provided by law.

Dated: September 25, 2025.                              Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/ George G. Robertson*
George G. Robertson
State Bar No. 24106352
Federal Bar No. 3366420
Miguel Escobar
State Bar No. 24137574
Federal Bar No. 3869924
811 Main Street, Suite 2500
Houston, Texas 77002
713-821-7000  (Telephone)
713-821-7001 (Facsimile)
George.Robertson@hklaw.com
Miguel.Escobar@hklaw.com

Stuart J. Glick
State Bar No. 24096416
Federal ID No. 3574432
787 Seventh Ave., 31st Floor
New York, New York 10019
212-513-3200 (Telephone)
212-385-9010 (Facsimile)
Stuart.Glick@hklaw.com

**ATTORNEYS FOR DEFENDANT CITIBANK N.A.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 25, 2025, I served this document on the following parties in compliance with Rule 5 of the Federal Rules of Civil Procedure using the Court's CM/ECF system.

                                                */s/ George G. Robertson*
                                                George G. Robertson